IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No.:  JKB 22-439-004 |
| WAYNE PRINCE | * | |

\* \* \* \* \*

## SUPPLEMENT TO MEMORANDUM IN AID OF SENTENCING

Comes now the defendant, Wayne Prince, by and through undersigned counsel, and submits this supplement to the memorandum in aid of sentencing to correct an error regarding criminal history and to provide additional information.

Mr. Prince is scheduled for sentencing on May 15, 2024 at 10:30 am after having been found guilty of Count One alleging Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d). The Presentence Report ("PSR") calculates Mr. Prince's Total Offense Level at 40; his Criminal History Category at IV; and his advisory guideline range at 360 months to life imprisonment. Counsel erroneously stated in its original memorandum that the Presentence Report calculated a criminal history category III.  The advisory guideline range, however, is still 360 months to life imprisonment.

    **a.   Mr. Prince's criminal history Category IV is overrepresented due to points scored for juvenile conduct.**

Mr. Prince's criminal history is overrepresented by the scoring of five points- 4 for the juvenile involvement and 1 for being under court supervision with a total of seven or more points- involving conduct when Mr. Prince was 14 and 16 years of age.  These points increase what would be a Criminal History Category III, calculated by 4 scorable points for adult convictions, to a Category IV. His advisory sentencing guideline range remains at 360 to life imprisonment.  Mr.

1

Prince nevertheless requests a downward departure of his criminal history category to Category III pursuant to U.S.S.G. § 4A1.3 (b) and/or that this Court consider overrepresentation of criminal history when considering the factors listed in 18 U.S.C. § 3553.

If, as requested in his Memorandum in Aid of Sentencing, an additional point is omitted for the conduct in Paragraph 48 because it was conduct related to his involvement with BGF, then his criminal history points would be calculated as a total of 3 points, or a Category II.

The government argues that the Defendant has not provided any support for his argument that his juvenile convictions should not raise Mr. Prince's criminal history category. The guidelines themselves, however, provide just such support. Section 5H1.1 (Age (Policy Statement)) currently provides, in relevant part, that "[a]ge (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." In noting the most current research that youthful brains are not yet developed until on average the mid-20's - research also relied upon by Dr. O'Connell in his evaluation - the United States Sentencing Commission has amended §5H1.1 to provide more broadly that "[a]ge may be relevant in determining whether a departure is warranted." This amendment is effective November 1, 2024. The advisory guidelines are in line with the prevailing view among experts that offenses committed as a youth may be the product of poor impulse control and like characteristics. Dr. O'Connell clearly found these characteristics to be a part of Mr. Prince's developmental limitations. A defendant's age, both at the time of the instant offense and when prior criminal conduct occurred, is a very important sentencing factor relevant to the "defendant's characteristics," a factor that must be considered pursuant to 18 U.S.C. § 3553.

2

**b. Credit for time served on a 2021 handgun conviction.**

The government argues that Mr. Prince should not receive credit for his "roughly six month" sentence the he has served for an unlawful firearm conviction on July 26, 2021, referenced in paragraph 50 of the PSR. The government cites to *United States v. Wilson,* 503 U.S. 329 (1992). The Supreme Court held that in *Wilson* that the Attorney General, rather than a district judge, should compute credit for time served pursuant to 18 U.S.C. §3585(b). The opinion seems to turn on the fact that a district judge could only speculate what the time served would be in Mr. Wilson's case because he had not yet served his sentence. That is not the case for Mr. Prince.

This Court can, however, award credit or adjust the sentence to take the roughly 6-month sentence into account as relevant conduct pursuant to § 5G1.3(b). First, the possession of the handgun is alleged as Overt Act 48 of the RICO conspiracy charged in the Indictment. Second, Mr. Prince admitted in the Statement of Facts attached to his plea agreement as Attachment A, (noted in paragraph 10 in the PSR) that "the 'Overt Acts' in which he is named in the Indictment represent an accurate sample of his activities". The illegal handgun conduct is relevant conduct under §1B1.3 (a)(1). Application Note 5(C) sets out that prior conduct associated with a previously imposed sentence will be considered relevant conduct if expressly charged in the offense of conviction. As relevant conduct, this Court shall impose sentence pursuant to § 5G1.3 (b). This section states:

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction…the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3 (b).  Mr. Prince requests an adjustment to his sentence for the time he has served on the illegal handgun conviction noted in Paragraph 50 of the Presentence Report.

U.S.S.G. § 5K2.23 also allows for a downward departure if a defendant has completed serving a term of imprisonment and § 5G1.3 would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense.  *United States v. Moore*, 918 F.3d 968, 971 (4th Cir. 2019).  Finally, a sentence that is sufficient, but not greater than necessary, pursuant to 18 U.S.C. § 3553(a), supports imposing a sentence that credits the time Mr. Prince spent in state custody for the handgun conviction.

        Respectfully submitted,

        _____-s-_____
        Teresa Whalen
        Law Office of Teresa Whalen
        801 Wayne Ave., Ste. 400
        Silver Spring, MD 20910
        301-728-2905