IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. JKB 22-0439 |
| WAYNE PRINCE,<br>    Defendant. | * |

\* \* \*

## MOTION TO WITHDRAW FROM GUILTY PLEA AND MOTION TO CONTINUE SENTENCING TO REVIEW THE RULE 11 COLLOQUY

Comes now Wayne Prince, defendant, by and through Teresa Whalen, and requests that he be permitted to withdraw from a guilty plea tendered and accepted in the above matter. In addition, he requests the sentencing hearing be reset so that all parties may review the Rule 11 colloquy. In support of this motion Mr. Prince states:

1. Mr. Prince is charged with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d). Sentencing is set for May 21, 2024.

2. Mr. Prince has advised that he entered his guilty plea on January 3, 2024 because his family had been threatened with harm if he did not enter the guilty plea. He asserts he did not tell the truth when responding to the questions relating to whether his plea was voluntarily tendered to the court. His plea was the product of a threat and as such was involuntary.

3. Rule 11 (d)(2) sets forth the procedure for withdrawing a guilty plea. Specifically, Rule 11 states that a defendant may withdraw a plea of guilty:

(2)  after the court accepts the plea, but before it imposes sentence if:

(B)  the defendant can show a fair and just reason for requesting the withdrawal.

4. When considering a defendant's motion to withdraw his guilty plea, the court may also consider other circumstantial factors that relate to whether the defendant has advanced a fair and

just reason. The following, is a nonexclusive list of factors for consideration in deciding a withdrawal motion:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Bowman* 348 F.3d 408, 414 (4th Cir. 2003), citing *United States v Moore,* 931 F.2d 245, 248 (4th Cir. 1991).

5. A properly conducted plea colloquy is central to determining whether to permit a defendant to withdraw a guilty plea. *Id.*, at 417.

WHEREFORE, Mr. Prince respectfully requests that this Court permit him to continue his sentencing hearing to review the Rule 11 colloquy and to withdraw his guilty plea and proceed to trial.

        Respectfully submitted,

        *Teresa Whalen*
        _____
        Teresa Whalen
        801 Wayne Avenue, Ste. 400
        Silver Spring, Maryland 20910
        (301) 588-1980; (301) 728-2905
        Federal Bar: 25245