**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CASE NO. 1:22-CR-00439-3-JKB** |
| **DAVANTE HARRISON,** | * | |
| **Defendant** | * | |

**REPLY TO RESPONSE TO**
**MOTION TO SUPPRESS SEARCH OF iPHONE (ECF #108)**

The Defendant, Davante Harrison, through counsel William B. Purpura and Stephen B. Mercer, moved to suppress under the Fourth Amendment to the U.S. Constitution, the evidence obtained from Harrison's black Apple iPhone (Model #A1778, FCC ID #E3091A) pursuant to a warrantless seizure on July 23, 2018, and delayed search, nine months after the seizure, under a warrant issued on Aprill 11, 2019, by Baltimore City District Court Judge, L. Robert Cooper. Harrison challenges the reasonableness of the police officer's initial seizure of his cellphone and the extended seizure of the phone for nine months to obtain a search warrant. (ECF #108, Motion, p. 2).

1. The Government asserts that it need only make a "slight showing of government interest" to "tip the scale" in its favor because Harrison's alleged failure to request the return of his phone rendered his "possessory interest in the phone … virtually non-existent." (ECF #205, Gov't. Response, p. 48). The government's response turns the Fourth Amendment on its head. In the first instance, it was unreasonable for the police to seize Harrison's cellphone and to retain it indefinitely without taking any steps to return it to him. Harrison was the victim of a shooting and the officer's nine-month delay in searching the phone strongly suggests that they had very little interest in that crime. Second, the government's contention that Harrison failed to inquire about

his phone is factually incorrect and, in any event, it is not a dispositive factor. (ECF #205, Gov't. Response, p. 44). The Court should reject the Government's factual contentions and its legal arguments under the authority of *United States v. Pratt*, 915 F.3d 266, 272 (4th Cir. 2019) (finding 31-day delay in obtaining warrant following seizure of cell phone unreasonable).

2. Here, the government's arguments fall short to justify the officer's seizure of Harrison's cellphone under the plain view doctrine and to excuse the ordinary warrant requirement. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, *and effects,* against unreasonable searches and seizures." U.S. Const. Amend. IV (emphasis added); *Texas v. Brown*, 460 U.S. 730, 747 (1983) ("The [Fourth] Amendment protects two different interests of the citizen—the interest in retaining possession of property and the interest in maintain personal privacy.") (Stevens, J., concurring). A governmental seizure of personal property is *per se* unreasonable within the meaning of the Fourth Amendment unless it is accomplished under a warrant based on probable cause and particularly describing the items to be seized. *Id.* Only if an object comes within the plain view doctrine, may police *briefly* seize it for the purpose of obtaining a search warrant. *United States v. Place*, 462 U.S. 696, 701 (1983) (90-minute detention of defendant's luggage to conduct dog-sniff on less than probable cause rendered the seizure unreasonable).

3. The government must demonstrate the plain view doctrine applies. See, *e.g., Arkansas v. Sanders,* 442 U.S. 753, 761 (1979); *Coolidge v. New Hampshire,* 403 U.S. 443 (1971); *Payton v. New York*, 445 U.S. 573, 587 (1980) (police may seize weapons or contraband found in a public place). The plain view doctrine requires that (1) the seizing officer is "lawfully present at the place from which the evidence can be plainly viewed"; (2) the seizing officer has " 'a lawful right of access to the object itself"; and (3) "the object's 'incriminating character [is] ...

immediately apparent,' " *United States v. Legg,* 18 F.3d 240, 242 (4th Cir.1994) (quoting *Horton v. California,* 496 U.S. 128, 136–37 (1990)); *see also United States v. Uzenski,* 434 F.3d 690, 707 (4th Cir.2006). For example, in *United States v. Neely*, 345 F.3d 366, 371 (5th Cir. 2003), the Fifth Circuit held that the plain view doctrine did not allow the police to seize a hospital patient's clothing, because the clothing was not in open view but in the hospital's property storage room. Similarly, here, the government has not demonstrated each element of the plain view doctrine.

4. To start, the officer's delay of nine months in searching the phone cuts against the government's claim of probable cause related to Harrison's shooting. Neither has the government advanced any facts that indicate the seizing officer had a lawful right of access to the cellphone. Even if the police had probable cause and lawfully seized Harrison's cell phone, the ninth month delay in obtaining a search warrant is unreasonable under the Fourth Amendment. *Pratt*, 915 F.3d at 272.

5. Notably, Harrison did not act to seriously diminish his substantial privacy interest in the cellphone. *Riley v. California*, 573 U.S. 373, 393 (2014) (an individual's property interest in their cellphone is substantial). Harrison did not consent to the seizure of his phone, and he did not voluntarily share its contents or password. *Pratt*, 915 F.3d at 271-72. Contrary to the government's assertion, Harrison requested the return of his phone. Moreover, the police never gave Harrison the opportunity to access the cellphone's contents to save any information before the seizure. *United States v. Laist*, 702 F.3d 608, 613-14 (11th Cir. 2012) (finding possessory interest in the contents of seized computer diminished where defendant "was afforded the opportunity to remove whatever he wanted to download from the computer and hard drives" prior to seizure). Neither did the police contact Harrison with information about the return of the cellphone.

6. The government relies nearly exclusively on its (disputed) claim that Harrison did not make an unsolicited request to the seizing officer for the return of the cellphone after July 23, 2018. (ECF #205, Gov't. Response, p. 46). But a failure to inquire is not a dispositive factor for establishing intentional abandonment. *United States v. Burgard*, 675 F.3d 1029, 1033-34 (7th Cir. 2012) (person checking on status of cellphone can be "helpful, though not essential" to showing that the seizure affected his possessory interests). Simply failing to ask for the return of the cellphone does not indicate an intent to abandon it, especially if the phone is password protected and the police fail to give reasonable notice of the procedure for requesting its return. See, *e.g.*, *United States v. Wilkins*, 538 F.Supp.3d 49 (D.D.C. 2021) (15-month delay in searching phone unreasonable under the Fourth Amendment). The government cites *United States v. Dorsey*, RDB-18-0347, 2019 WL 3804113 (D. Md. 2019) but that case is unpersuasive.

7. *Dorsey* relies too heavily on the single factor of a person's failure to inquire about the return of his cellphone as establishing intentional abandonment. It is a big stretch in logic to equate a failure to inquire with affirmative words disclaiming ownership, *see*, *e.g.*, *United States v. Ferebee*, 957 F.3d 406, 413 (4th Cir. 2020), or intentional conduct like throwing a phone out of a window. *United States v. Smalls*, 944 F.3d 490, 504 (4th Cir. 2019). *Dorsey* cites *United States v. Haynie*, 637 F.2d 227 (4th Cir. 1980), and *United States v. Wilson*, 472 F.2d 901 (9th Cir. 1973), but these cases are inapposite and do not support the proposition that the single factor of a failure to inquire about seized property establishes intentional abandonment. In those cases, the courts assessed a range of factors before concluding that a tenant's departure from his leased apartment constituted intentional abandonment of property left behind. *Haynie*, 637 F.2d at 237 (circumstances indicated defendant intended to permanently abandon the property); *Wilson*, 472 F.2d at 903 (applying totality of circumstances reasonable expectation of privacy test).

8. Even assuming that Harrison did not request the return of his phone (which he did), the sounder approach is to treat that as one of several factors. *See*, *Wilkins*, 538 F.Supp.3d at 95 (balancing person's possessory interest in cellphone against government's justification for seizure to determine if 15-month delay was unreasonable). The other factors informing the Court's analysis include Harrison's strong privacy interest in the cellphone, that he did not consent to the seizure, that he did not voluntarily share any of its contents, that the officers did not provide him an opportunity to save any information on the phone before the seizure, and the officers did not reach out to him about how he could retrieve the phone.

9. Balancing all the factors related to Harrison's possessory interest in his phone, against the government's weak justification for the seizure in the first instance, and its lack of diligence in obtaining a warrant, leads to the conclusion that the nine-month delay to search the phone is unreasonable under the Fourth Amendment and that suppression is the appropriate remedy. *United States v. Song Ja Cha*, 597 F.3d 995, 1006 (9th Cir. 2010) ("[T]he exclusionary rule is applicable where seizures are unconstitutionally long" to "deter unreasonable police behavior and to provide for judicial determination of probable cause."). Finally, the government's appeal to necessity should be rejected. (ECF #205, Gov't. Response, p. 46). In the words of Justice Jackson, "the forefathers, after consulting the lessons of history, designed our Constitution to place obstacles in the way of a too permeating police surveillance, which they seemed to think was a greater danger to a free people than the escape of some criminals from punishment." *United States v. Di Re*, 332 U.S. 581, 595 (1948).

WHEREFORE, Defendant Davante Harrison respectfully requests the Court suppress the evidence obtained from the black Apple iPhone (Model #A1778, FCC ID #E3091A).

Respectfully submitted,

/s/ *William B. Purpura*

William B. Purpura, Esquire
Law office of Purpura & Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
Fed Bar No.: 00074
410.727.8550
wpurpura@purpuralaw.com

RaquinMercer LLC

/s/ *Stephen B. Mercer*

Stephen B. Mercer, #12855
50 West Montgomery Ave., Ste 200
Rockville, MD 20850
Tel: (301) 880-9260
Fax: (833) 816-5605
Email: Steve@RaquinMercer.com

*Attorneys for Davante Harrison*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th of June, 2024, a copy of the foregoing reply was electronically filed in this case via the ECF system on all parties.

/s/ *Stephen B. Mercer*

By: ______________________________
Stephen B. Mercer #12855