IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL No.:  JKB-22-cr-439 |
| DAVANTE HARRISON | * | |
| Defendant | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENSE MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE EVIDENCE**

COMES NOW the Defendant, Davante Harrison, through undersigned counsel, William B. Purpura and Stephen B. Mercer, in Reply to the Government's Response, and states as follows:

**A. Search/Seizure of Dolce & Gabbana "man bag."**

1.      In the motion to suppress tangible, derivative evidence and statements pursuant to Fed. R. Crim. Proc. 12(b)(3), Harrison challenged, *inter alia*, law enforcement's authority under the search warrant issued on November 22, 2019, to seize from his person and search the Dolce & Gabbana "man bag." (ECF #112). The search warrant utterly failed to describe the Dolce & Gabbana "man bag" on its face. (ECF #112-1, Nov. 22, 2019, Seach and Seizure Warrant). *See*, *Massachusetts v. Sheppard*, 468 U.S. 981, 988, n.5 (1984) ("[A] warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional"). Instead, the warrant expressly limited the scope of the search of Harrison's person to "Attachment A-1" which the issuing judge modified to *exclude* "suitcases, … and other types of containers[.]"  (ECF #112-1, p. 43, Attachment A-1). Plainly, the Dolce & Gabbana "man bag" comes within the "other types of containers" category of items that the issuing judge excluded from the scope of the warrant. The issuing judge was right to exclude these items from the scope of the warrant because the

affidavit failed to particularize a basis for a search of Harrison's person to extend to containers such as the Dolce & Gabbana "man bag."

  2. In its response, the government argues that Detective Neptune seized and searched the Dolce & Gabbana "man bag" under the authority of the November 22, 2019, search warrant for Harrison's person "authorizing them to search for and seize controlled substances and paraphernalia, among other items." (ECF #205, Gov't. Response, p. 62). But the government's response fails to acknowledge that the issuing judge broadly *excluded* "other containers" on the face of the warrant when she modified "Attachment A" by interlineating paragraph 10 and relabeling it "Attachment A-1". (Compare, ECF #112-1, p. 43 (Attachment A-1) and ECF #112-1 p. 41 (Attachment A)). Considering the limited scope of the search warrant for Harrison's person, no reasonably well-trained police officer could have believed that probable cause existed to search the Dolce & Gabbana bag. The "good faith" exception under *United States v. Leon*, 468 U.S. 897 (1984) does not, therefore, apply in the circumstances of this case.

  3. The government cites the solitary decision by the Seventh Circuit in *United States v. Graham*, 638 F.2d 1111 (7th Cir. 1981) that considers a purse an extension of the person due to the limitations of "human anatomy." *Graham's* reasoning is unpersuasive and, in any event, it is inapposite to this case. In *Graham*, the Seventh Circuit concluded that the search warrant for the defendant's person *authorized* the police to search his person, and by extension, a shoulder purse that substituted for the lack of "pockets" and "pouches" in the "human anatomy." *Id.* at 1115. In contrast, here, the issuing judge modified the scope of the search warrant for Harrison's person to *exclude* "suitcases, … and other types of containers[.]" (ECF #112-1, Warrant and Attachment A-1, pp. 1 & 43). The issuing judge's expressed limit to the warrant's scope to search Harrison's person is fatal to the government's argument. Plainly, the warrant to search Harrison does not

authorize, in the first instance or by extension, the search of a container such as the Dolce & Gabbana "man bag." It is telling that the government cannot cite to a particular provision of the search warrant affidavit for Harrison's person that particularized the grounds for the warrant to authorize the seizure and search of the Dolce & Gabbana bag.

4. The search-incident-to-arrest doctrine likewise cannot justify the search of the Dolce & Gabbana bag because the basis for Harrison's warrantless arrest was the unlawful search of the bag. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). The rationale for that doctrine is inapplicable here. Even if there was a lawful basis for the police to arrest Harrison (which there is not), *Gant* fundamentally altered the landscape by limiting the search incident to arrest to those scenarios where there is a "possibility of access" at the time of the search. *Id.* at 345. Five Circuits have extended *Gant* outside the vehicle setting, including the Seventh and Fourth Circuits.

5. The Fourth Circuit along with the Third, Seventh, Ninth, and Tenth Circuits have extended *Gant* to arrests outside of the vehicle context. *See United States v. Davis*, 997 F.3d 191, 197 (4th Cir. 2021). In *Davis*, the defendant fled from police following a traffic stop. Ater the police apprehend him, Davis dropped a backpack and laid down on his stomach. The police patted him down and handcuffed him, placing him under arrest for several traffic violations. *Id.* at 194. Then, the police searched his backpack and discovered a large amount of cash and drugs. *Id.* The Fourth Circuit held that the *Gant* holding applies to the search of non-vehicular containers, concluding that police may only search them incident to a lawful arrest when the arrestee "is unsecured and within reaching distance of the [container] at the time of the search." *Id.* at 197, quoting *Gant*, 556 U.S. at 343; *see also United States v. Shakir*, 616 F. 3d 315, 318 (3d Cir 2010); *United States v. Hill*, 818 F.3d 289, 295 (7th Cir.2016*); United States v. Cook*, 808 F.3d 1195 n.1, 1200 (9th Cir. 2015); *United States v. Knapp*, 917 F. 3d 1161, 1167-69 (10th Cir. 2019).

6. Indisputably, the police secured Harrison before seizing and searching the Dolce & Gabbana "man bag." On November 25, 2019, at 1:40 in the afternoon, Harrison was walking alone when six FBI Baltimore Safe Streets Task Force members detained him. The police immediately handcuffed him with his hands behind his back. His body was then searched and recovered were keys and a cell phone. The seizing officer (Detective Neptune's) testified at a prior suppression hearing on July 7, 2021, in case number CCB-19-05755. *Id.* At that hearing, Detective Neptune related that he unfastened the bag from Harrison's shoulder, and while the bag was in his control, opened it and searched it. Detective Neptune testified that he seized the "satchel-type thing" from Harrison after other officers had detained and handcuffed Harrison. (Exhibit 2, ECF #112-2, p. 36:15). Accordingly, it is not reasonable after *Gant* and *Davis* for the police to conclude that Harrison could access the bag at the time when the bag was searched.

B. **The Government's Request to Preclude Litigation of "Consent"**

7. The government's request to preclude Harrison from re-litigating the issue of the voluntariness of his purported consent to search the vehicle is ill-considered. (ECF #205, Gov't. Response, p. 63). The government relies on *Ashe v. Swenson*, 397 U.S. 436, 443 (1970) for the proposition that the principle of issue preclusion, "also known as collateral estoppel, applies in federal criminal cases." (ECF #205, Gov't. Response, p. 63). The government seems to acknowledge that for the doctrine to apply, the question turns on, *inter alia*, whether " 'certain facts were necessarily determined in the first trial' that 'constituted ultimate issues' in the second[.]" *Id.* at 64 (quoting *United States v. Yearwood*, 518 F.3d 220, 229 (4th Cir. 2008)).

8. The Supreme Court's formulation of collateral estoppel in *Ashe,* by including a reference to "an issue of ultimate fact," suggests that the issue upon which preclusion is sought must be an ultimate issue in the prosecutions. For example, in *Ashe,* the issue of identity was

4

"ultimate" in successive prosecutions of the defendant for robbing separate individuals at the same poker game. The defendant was acquitted in the first trial, which necessarily involved the jury finding the ultimate issue of identity in his favor. That is not this case, where the government seeks to preclude litigation of evidentiary facts. Yet the government offers no argument that the *evidentiary* facts related to consent and suppression are an issue of ultimate fact.

9. Even if the issues did involve matters of ultimate fact, then the government would essentially be asking for a directed partial verdict, which would implicate the Fifth Amendment's due process guarantee and the Sixth Amendment's jury trial guarantee. *United States v. Gaudin*, 515 U.S. 506, 510 (1995) ("[R]equire[ing] criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."); *see also Sandstrom v. Montana*, 442 U.S. 510, 523 (1979) (noting "the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime"). The Court should decline the government's invitation to preclude litigation of the issue of the voluntariness of Harrison's consent. The totality of circumstances is different because, among other reasons, the issue of the validity of the search for the Dolce & Gabbana bag is in play, unlike before, which impacts upon the lawfulness of Harrison's detention at the time of any purported consent.

    Respectfully submitted,

    /s/ *William B. Purpura*
    _____
    William B. Purpura, Esquire
    Law office of Purpura & Purpura
    8 E. Mulberry Street
    Baltimore, Maryland 21202
    Fed Bar No.: 00074
    410.727.8550
    wpurpura@purpuralaw.com

RaquinMercer LLC

/s/ *Stephen B. Mercer*

Stephen B. Mercer, #12855
50 West Montgomery Ave., Ste 200
Rockville, MD 20850
Tel:	(301) 880-9260
Fax:	(833) 816-5605
Email: Steve@RaquinMercer.com

*Attorneys for Davante Harrison*

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th of June, 2024, a copy of the foregoing reply was electronically filed in this case via the ECF system on all parties.

/s/ *Stephen B. Mercer*

Stephen B. Mercer #12855